UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

| | |
|---|---|
| Susel Hernandez,<br>individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>-v.-<br>TrueAccord, Corp., and Midland Funding LLC.<br><br>Defendants. | Case No.: 2:21-cv-556<br><br>**CLASS ACTION COMPLAINT<br>DEMAND FOR JURY TRIAL** |

Plaintiff Susel Hernandez ("Plaintiff") brings this Class Action Complaint by and through her attorneys, Zeig Law Firm, LLC, against Defendants TrueAccord, Corp. ("TrueAccord") and Midland Funding LLC ("Midland"), individually and on behalf of a class of all others similarly situated, pursuant to Rule 23 of the Federal Rules of Civil Procedure, based upon information and belief of Plaintiff's counsel, except for allegations specifically pertaining to Plaintiff, which are based upon Plaintiff's personal knowledge.

**INTRODUCTION/PRELIMINARY STATEMENT**

1. The Fair Debt Collection Practices Act ("FDCPA" or "Act") was enacted in response to the "abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors." 15 U.S.C. §1692(a). Congress found that "abusive debt collection practices contribute to the number of personal bankruptcies, to material instability, to the loss of jobs, and to invasions of individual privacy." *Id.* It concluded that "existing laws…[we]re inadequate to protect consumers," and that "'the effective collection of debts' does not require "misrepresentation or other abusive debt collection practices." 15 U.S.C. §§ 1692(b) & (c).

2. The purpose of the Act was not only to eliminate abusive debt collection practices, but also to ensure "that those debt collectors who refrain from using abusive debt collection

practices are not competitively disadvantaged." *Id.* § 1692(e). After determining that the existing consumer protection laws were inadequate. *Id.* § 1692(b), the Act gave consumers a private cause of action against debt collectors who fail to comply with it. *Id.* § 1692k.

## JURISDICTION AND VENUE

3. The Court has jurisdiction over this class action pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1692 et. seq.  The Court has pendent jurisdiction over state law claims, if any, in this action pursuant to 28 U.S.C. § 1367(a).

4. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2) as this is where the Plaintiff resides as well as a substantial part of the events or omissions giving rise to the claim occurred.

## NATURE OF THE ACTION

5. Plaintiff brings this class action on behalf of a class of Florida consumers under § 1692 et seq. of Title 15 of the United States Code, also known as the Fair Debt Collections Practices Act ("FDCPA"), and

6. Plaintiff is seeking damages and declaratory relief.

## PARTIES

7. Plaintiff is a resident of the State of Florida, County of Lee.

8. Defendant TrueAccord is a "debt collector" as the phrase is defined in 15 U.S.C. § 1692a(6) and used in the FDCPA.

9. TrueAccord has an address for service of process at Incorp Services, Inc., 17888 67th Ct N, Loxahatchee, FL 33470.

10. Upon information and belief, Defendant TrueAccord is a company that uses the mail, telephone, and facsimile and regularly engages in business the principal purpose of which is to attempt to collect debts alleged to be due another.

11. Defendant Midland is a "debt collector" as the phrase is defined in 15 U.S.C. § 1692(a)(6) and used in the FDCPA.

12. Midland has an address for service of process at Corporation Service Company, 80 State Street, Albany, New York, 12207.

13. Upon information and belief, Defendant Midland is a company that uses the mail, telephone, and facsimile and regularly engages in business the principal purpose of which is to attempt to collect debts alleged to be due another.

## CLASS ALLEGATIONS

14. Plaintiff brings this claim on behalf of the following case, pursuant to Fed. R. Civ. P. 23(a) and 23(b)(3).

15. The Class consists of:

  a. all individuals with addresses in the State of Florida;
  b. to whom Defendant TrueAccord sent an initial collection communication;
  c. on behalf of Defendant Midland;
  d. attempting to collect a consumer debt;
  e. that states the same amount for the current balance and the charged-off balance yet also states that a payment was made post charge-off of $0.01 or more;
  f. which letter was sent on or after a date one (1) year prior to the filing of this action and on or before a date twenty-one (21) days after the filing of this action.

16. The identities of all class members are readily ascertainable from the records of Defendants and those companies and entities on whose behalf they attempt to collect and/or have purchased debts.

17. Excluded from the Plaintiff Class are the Defendants and all officers, members, partners, managers, directors and employees of the Defendants and their respective immediate families, and legal counsel for all parties to this action, and all members of their immediate families.

18. There are questions of law and fact common to the Plaintiff Class, which common issues predominate over any issues involving only individual class members. The principal issue is whether the Defendants' written communication to consumers, in the forms attached as Exhibit A, violate 15 U.S.C. §§ 1692e, 1692f, and 1692g.

19. The Plaintiff's claims are typical of the class members, as all are based upon the same facts and legal theories. The Plaintiff will fairly and adequately protect the interests of the Plaintiff Class defined in this complaint. The Plaintiff has retained counsel with experience in handling consumer lawsuits, complex legal issues, and class actions, and neither the Plaintiff nor his attorneys have any interests, which might cause them not to vigorously pursue this action.

20. This action has been brought, and may properly be maintained, as a class action pursuant to the provisions of Rule 23 of the Federal Rules of Civil Procedure because there is a well-defined community interest in the litigation:

   a. **Numerosity:** The Plaintiff is informed and believes, and on that basis alleges, that the Plaintiff Class defined above is so numerous that joinder of all members would be impractical.

b. **Common Questions Predominate:** Common questions of law and fact exist as to all members of the Plaintiff Class and those questions predominance over any questions or issues involving only individual class members. The principal issue is whether the Defendants' written communication to consumers, in the form attached as Exhibit A, violate 15 U.S.C. §§ 1692e, 1692f, and 1692g.

c. **Typicality:** The Plaintiff's claims are typical of the claims of the class members. The Plaintiff and all members of the Plaintiff Class have claims arising out of the Defendants' common uniform course of conduct complained of herein.

d. **Adequacy:** The Plaintiff will fairly and adequately protect the interests of the class members insofar as Plaintiff has no interests that are adverse to the absent class members. Plaintiff is committed to vigorously litigating this matter. Plaintiff has also retained counsel experienced in handling consumer lawsuits, complex legal issues, and class actions. Neither the Plaintiff nor her counsel have any interests which might cause them not to vigorously pursue the instant class action lawsuit.

e. **Superiority:** A class action is superior to the other available means for the fair and efficient adjudication of this controversy because individual joinder of all members would be impracticable. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum efficiently and without unnecessary duplication of effort and expense that individual actions would engender.

21. Certification of a class under Rule 23(b)(3) of the Federal Rules of Civil Procedure is also appropriate in that the questions of law and fact common to members of the Plaintiff Class predominate over any questions affecting an individual member, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

22. Depending on the outcome of further investigation and discovery, Plaintiff may, at the time of class certification motion, seek to certify a class(es) only as to particular issues pursuant to Fed. R. Civ. P. 23(c)(4).

## FACTUAL ALLEGATIONS

23. Plaintiff repeats the above allegations as if set forth here.

24. Some time prior to September 22, 2020, an obligation was allegedly incurred by Plaintiff to non-party Comenity Bank (Victoria's Secret) (hereafter "Comenity").

25. The obligation arose out of a transaction in which money, property, insurance or services of the subject transactions were incurred for personal purposes, specifically personal credit card purchases.

26. The alleged Comenity obligation is a "debt" as defined by 15 U.S.C.§ 1692a (5).

27. Comenity is a "creditor" as defined by 15 U.S.C.§ 1692a (4).

28. According to Defendants' letter to Plaintiff described below, Midland purchased the Comenity account.

29. According to Defendants' letter, Midland placed the account with TrueAccord to collect on it.

30. Defendants collect and attempt to collect debts incurred or alleged to have been incurred for personal, family or household purposes on behalf of creditors using the United States Postal Services, telephone and internet.

6

*Violation – September 22, 2020 Collection Letter*

31. On or about September 22, 2020, Defendants sent Plaintiff an initial collection communication, or letter, regarding the alleged debt owed to Comenity. See Letter attached as Exhibit A.

32. The collection letter states:

| | |
|---|---|
| Charge-Off Balance: | $482.12 |
| Last Payment Post Charge-Off: | $57.49 |
| Post Charge-Off Fees: | $0.00 |
| Post Charge-Off Interest: | $0.00 |
| Balance As of Today: | $482.12 |

33. The letter lists the "Charge-Off Balance" as $482.12.

34. The letter then lists the "Last Payment Post Charge-Off" as $57.49

35. The letter then states that the "Balance As of Today" is still $482.12.

36. The Letter is nonsensical.

37. It is not possible for the change-off balance and current balance to be identical if payment was made in the interim.

38. The Letter makes is seem that the amount currently due is in fact less than stated in the Letter.

39. The Letter has a calculation error.

40. The Letter led Plaintiff to believe that Defendants were seeking more than she owes.

41. Plaintiff is therefore unable to evaluate how much the actual debt being collected is for or how, why, or if it has changed or is stated incorrectly.

42. Plaintiff is unable to determine why the amount being demanded did not change from the amount of the debt due at charge off if there was a payment of $57.49 made in the interim.

43. If in fact the balance did not change due payment(s) made post charge-off, then it is deceptive to state a more than zero-dollar sum for payments made post charge-off.

44. If payments were in fact made post charge-off, then it is deceptive to state identical balances at charge-off and currently due.

45. Because of the conflicting amounts listed, the letter also fails to clearly state the amount of the debt.

46. Plaintiff did not know how to handle the Letter.

47. Due to Defendants' actions, Plaintiff expended time and money in determining the proper course of action in response.

48. But for Defendants' improper actions, Plaintiff would not have done so.

49. Defendants' Letter also prevented Plaintiff from making payment as the amounts stated did not add up.

50. Due to Defendants' actions, the funds Plaintiff could have used to pay all or part of the alleged debt were therefore spent elsewhere.

51. Plaintiff would have pursued a different course of action were it not for Defendants' violations.

52. These violations by Defendants were knowing, willful, negligent and/or intentional, and Defendant did not maintain procedures reasonably adapted to avoid any such violations.

53. Defendants' collection efforts with respect to this alleged debt from Plaintiff caused Plaintiff to suffer concrete and particularized harm as described above and, inter alia, because the FDCPA provides Plaintiff with the legally protected right to be not to be misled or treated unfairly with respect to any action for the collection of any consumer debt.

54. Defendants' deceptive, misleading and unfair representations with respect to its collection efforts were material misrepresentations that affected and frustrated Plaintiff's ability to intelligently respond to Defendants' collection efforts because Plaintiff could not adequately respond to Defendants' demand for payment of this debt.

55. Defendants' actions created an appreciable risk to Plaintiff of being unable to properly respond or handle Defendants' debt collection.

56. Plaintiff was confused and misled to her detriment by the statements in the dunning letter, and relied on the contents of the letter to her detriment.

57. As a result of Defendants' deceptive, misleading and unfair debt collection practices, Plaintiff has been damaged.

### COUNT I
### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. §1692e *et seq.*

58. Plaintiff repeats the above allegations as if set forth here.

59. Defendants' debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to, 15 U.S.C. § 1692e.

60. Pursuant to 15 U.S.C. §1692e, a debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt.

61. Defendant violated said section by:

   a. Making a false and misleading representation in violation of §§ 1692e and 1692e (10) by providing conflicting amounts for the alleged debt and its component parts;

   b. Falsely representing the character, amount or legal status of the debt in violation of §1692e (2).

62. By reason thereof, Defendant is liable to Plaintiff for judgment that Defendants' conduct violated Section 1692e, *et seq.* of the FDCPA and is entitled to actual damages, statutory damages, costs and attorneys' fees.

## COUNT II
### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. §1692f *et seq.*

63. Plaintiff repeats the above allegations as if set forth here.

64. Alternatively, Defendants' debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to, 15 U.S.C. § 1692f.

65. Pursuant to 15 U.S.C. §1692f, a debt collector may not use any unfair or unconscionable means in connection with the collection of any debt.

66. Defendant violated this section by unfairly stating conflicting amounts for the debt and its component parts.

67. By reason thereof, Defendant is liable to Plaintiff for judgment that Defendants' conduct violated Section 1692f, *et seq.* of the FDCPA and is entitled to actual damages, statutory damages, costs and attorneys' fees.

## COUNT III
### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. §1692g *et seq.*

68. Plaintiff repeats the above allegations as if set forth here.

69. Defendant's debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692g.

70. Pursuant to 15 U.S.C. § 1692g an initial communication with a debtor regarding a debt must provide written notice containing the amount of the debt.

71. Defendants violated this section by failing to provide the amount of the debt.

72. Alternatively, Defendants violated this section by failing to clearly state the amount of the debt.

73. By reason thereof, Defendant is liable to Plaintiff for judgment that Defendant's conduct violated Section 1692g et seq. of the FDCPA, actual damages, statutory damages, costs and attorneys' fees.

## DEMAND FOR TRIAL BY JURY

74. Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby requests a trial by jury on all issues so triable.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Susel Hernandez, individually and on behalf of all others similarly situated, demands judgment from Defendant Midland and TrueAccord as follows:

　i. Declaring that this action is properly maintainable as a Class Action and certifying Plaintiff as Class representative, and Justin Zeig, Esq. as Class Counsel;

　ii. Awarding Plaintiff and the Class statutory damages;

　iii. Awarding Plaintiff and the Class actual damages;

　iv. Awarding Plaintiff costs of this Action, including reasonable attorneys' fees and expenses;

　v. Awarding pre-judgment interest and post-judgment interest; and

　vi. Awarding Plaintiff and the Class such other and further relief as this Court may deem just and proper.

Dated: July 23, 2021

Respectfully submitted,

*/s/ Justin Zeig*
By:  Justin Zeig, Esq.
Zeig Law Firm, LLC
3475 Sheridan Street, Ste 310
Hollywood, FL 33021
Phone: (754) 217-3084
Fax: (954) 272-7807
Justin@zeiglawfirm.com

*Attorneys for Plaintiff*